HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FLOYD  and MARGARET SCOTT,<br><br>           Plaintiffs,<br><br>   v.<br><br>NORTHWEST TRUSTEE SERVICES,<br>INC., et al.,<br><br>         Defendants. | CASE NO. C16-5810-RBL<br><br>ORDER GRANTING MOTIONS TO<br>REMAND |

14
15
16
17
18
19
20
21
22
23
24

THIS MATTER is before the Court on Plaintiff Scott's Motion(s) to Remand [Dkt. #s 9 & 18]. Plaintiffs Scott borrowed the funds to purchase a home in 2010, and secured their promise to repay that loan with a deed of trust on the home.  The Scotts apparently concede they defaulted on the loan in 2015. They sued in state court in 2016, presumably to avoid a pending foreclosure. They claim the lender does not have standing to enforce the note, and that because the trustee was not properly appointed, its actions were ineffective and wrongful. The defendants—Wells Fargo Bank and Northwest Trustee Services—timely removed the case to this Court, claiming that NWTS was a nominal defendant and that its Washington citizenship could be disregarded for diversity purposes.

1      The Scotts seeks remand, arguing that NWTS is not a nominal defendant because he

2 makes specific allegations about its conduct and affirmatively seek damages and fees from it.

3      Defendants argue that the Scotts' claims against NWTS are not meritorious—they are "based

4 entirely their misunderstanding of Washington law" and there is "no legal basis to assert any cause

5 of action against NWTS," and "no ground upon which NWTS could be found liable." The

6 Defendants' Motions to dismiss argue, persuasively, that the same is true of the Scotts' claims

7 against Wells Fargo.

8      The party asserting federal jurisdiction has the burden of proof on a motion to remand to

9 state court. *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D.

10 Cal. 1998). The removal statute is strictly construed against removal jurisdiction, and the strong

11 presumption against removal jurisdiction mans that the defendant always has the burden of

12 establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a

13 preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir.

14 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

15 first instance. *Id.* at 566.

16      A nominal defendant is "a [party] who 'holds the subject matter of the litigation in a

17 subordinate or possessory capacity and to which there is not dispute." *S.E.C. v. Colello*, 139 F.3d

18 674, 676 (9th Cir. 1998) (quoting *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)). "The

19 paradigmatic nominal defendant is 'a trustee, agent, or depositary ... [who is] joined purely as a

20 means of facilitating collection." *Id.* (quoting *Cherif*, 933 F.2d at 414). A nominal defendant's

21 relation to an action is merely incidental and "it is of no moment [to him] whether the one or the

22 other side in [the] controversy succeed[s]." *Bacon v. Rives*, 106 U.S. 99, 104 (1882). The

23

24

1    removing party has the burden of proving that a defendant is a nominal defendant. *Silva v. Wells*

2    *Fargo Bank N.A.*, 2011 WL 2437514, at *3 (C.D.Cal. June 16, 2011).

3           A trustee under a deed of trust is often a nominal party. *Id*. at *5.  However, a trustee can

4    be a real party when a plaintiff's complaint asserts specific claims against a trustee, including

5    money for damages to their credit rating and home value, emotional damages and physical

6    distress, and allegations that the trustee made false statements in a defective notice of default and

7    was not the trustee authorized to initiate non judicial foreclosure proceedings. *Id*.  A trustee can

8    also be more than a nominal party when the complaint makes substantive allegations and asserts

9    claims for money damages. *Couture v. Wells Fargo Bank N.A.*, 2011 WL 3489955, at *3

10    (S.D.Cal. Aug. 9, 2011).  On the other hand, if a plaintiff has not made substantive allegations

11    against the trustee, the trustee under the deed of trust is neutral, and has no interest in the

12    outcome. *Prasad v. Wells Fargo Bank N.A.*, 2011 WL 4074300, at *3 (W.D.Wash. 2011).

13           The Scotts *do* make specific claims against NWTS, and the do seek money damages from

14    it. That the claims may be without merit is does not mean that they have not been asserted.  The

15    claims may be no more viable than are the claims against Wells Fargo, but neither defendant is

16    'nominal,' and there is no suggestion that NWTS was fraudulently joined.

17           The Motions to Remand are GRANTED and this case is REMANDED to Clark County

18    Superior Court.  All other pending motions are DENIED as moot.

19           IT IS SO ORDERED.

20           Dated this 22nd day of December, 2016.

21

22                                       _____

23                                       Ronald B. Leighton

                                          United States District Judge

24